UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMPLOYERS & CEMENT MASONS #90 ) <br> HEALTH & WELFARE FUND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EHRET, INC., ) <br> ) <br> Defendant. ) | Case No.  4:13CV01678 AGF |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for default judgment against Defendant Ehret, Inc.  Plaintiffs filed this action on August 26, 2013, under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1002(21)(A) and 1132.  The complaint alleges that Defendant failed to fully pay several employee benefit plans the contributions due under a collective bargaining agreement.  Plaintiffs are the employee benefit plans and their trustees.

On January 3, 2014, Plaintiffs filed a motion for entry of default against Defendant, and on January 7, 2014, the Clerk of Court entered such default.  In its motion for default judgment, Plaintiffs seek monetary relief against Defendant in the amount of $10,343.51, representing delinquent fringe benefit contributions for the months of August and September 2012; contractual late fees in the amount of $3,951.36; pre-judgment interest in the amount of $7,749.43 for the period of September 2012 to January 2014;

post-judgment interest; and attorney's fees and expenses incurred in connection with this action in the amount of $8,424.75.  Plaintiffs also seek an order requiring Defendant to submit "all outstanding fringe benefit remittance reports" from September 2013 forward.  Plaintiffs further request leave to amend the requested default judgment to reflect additional amounts due as determined by the outstanding remittance reports.

Prior to the entry of a default judgment, a court should satisfy itself that the plaintiff is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim.  *Jenkins v. E. Asset Mgmt., LLC*, No. 4:08-CV-1032 CAS, 2009 WL 2488029, at *2 (E.D. Mo. Aug. 12, 2009).  Where default has been entered, the "allegations of the complaint except as to the amount of damages are taken as true."  *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).  Here, taking Plaintiffs' allegations in the complaint as true, except for those allegations as to the amount of damages, the Court concludes that Plaintiffs are entitled to default judgment.  With respect to damages, Plaintiffs have provided documentation and evidence supporting their entitlement to the amounts sought for August and September 2012 and the resulting contractual late fees, interest, and attorney's fees.

Upon review of the record,

**IT IS HEREBY ORDERED** that Defendant shall submit all outstanding remittance reports to Plaintiffs within 21 days of the date of this Order.  Defendant is cautioned that failure to comply with this Order may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that Plaintiffs shall have leave for 21 additional days to amend their motion for default judgment to reflect additional amounts shown to

be due by said remittance reports, along with late fees, interest, and additional attorney's fees and expenses.  Final judgment shall be entered after Plaintiffs have had the chance to amend their motion for default judgment within the time frame set forth above.  If Plaintiffs fail to amend their motion for default judgment in the time allocated, the Court shall enter judgment for Plaintiffs in the amounts set forth in support of the motion now filed with the Court.

      **IT IS FURTHER ORDERED** that the Clerk's Office is directed to serve a copy of this Memorandum and Order on Defendant Ehret, Inc., at the address of service employed by the process server.

*[signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2014